UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IT WORKS MARKETING, INC.,

    Plaintiff,

v.                                                           Case No. 8:20-cv-1743-T-60TGW

MELALEUCA INC., et al.,

    Defendants.
_____/

## ORDER DENYING "PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND SUPPORTING MEMORANDUM OF LAW"

This matter is before the Court on "Plaintiff's Motion for Temporary Restraining Order and Supporting Memorandum of Law," filed on August 3, 2020. (Doc. 20). Upon review of the motion, court file, and record, the Court finds as follows:

### Background

Plaintiff It Works Marketing, Inc. is a network marketing company focusing on health and beauty products. To sell its products, It Works relies on distributors – independent contractors that earn commissions on their sales. Distributors are privy to certain confidential, proprietary, and trade secret information through reports provided by It Works. When distributors join It Works, they agree not to misuse It Works' confidential information. Distributors further agree not to recruit other It Works distributors or customers for other network marketing businesses (1) while they work as It Works distributors and (2) for six months after they stop being It Works distributors.

Defendant Melaleuca Inc. is a direct competitor of It Works. Between April and July 2020, several distributors – Defendants Kellie Kaufman, Sarah Raskin, Joshua

Raskin, Katie Herold, and Lea Piccoli (the "Non-Solicitation Defendants") – left It Works and joined Melaleuca. In its motion, Plaintiff alleges that the Non-Solicitation Defendants are using Plaintiff's trade secrets to solicit other distributors, and that Plaintiff suffer imminent and irreparable injury if the Court does not enter a temporary restraining order ("TRO") stopping them.

## Legal Standard

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 4.05. A motion seeking a temporary restraining order "must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." M.D. Fla. Local Rule 4.05(b)(2).

A no-notice TRO "is an extreme remedy to be used only with the utmost caution." *Levine v. Camcoa, Ltd.,* 70 F.3d 1191, 1194 (11th Cir. 1995). Before considering the efficacy of injunctive relief, the Court must determine the initial threshold matter of whether the movant has provided sufficient justification to seek *ex parte* relief. *See Xylem, Inc. v. Church*, No. 8:19-cv-304-T-33TGW, 2019 WL 459144, at *3 (M.D. Fla. Feb. 6, 2019). Under Rule 65(b)(1), a federal court may only issue a TRO without first giving notice to the enjoined parties if the movant provides:

(A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

    (B)    the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "To obtain *ex parte* relief, a party must strictly comply with these requirements. They are not mere technicalities, but establish minimum due process." *Xylem*, 2019 WL 459144, at *3 (quoting *Emerging Vision, Inc. v. Glachman*, No. 9:10-cv-80734-KLR, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), *report and recommendation adopted*, 2010 WL 3293351, at *1 (S.D. Fla. Aug. 11, 2010)). "A [movant] cannot evade the requirements of Rule 65(b)(1) and obtain an *ex parte* restraining order by merely pointing to the merits of its claims." *Id.* (internal quotations omitted).

If the movant establishes that it is justified in seeking *ex parte* relief, it next bears the burden to establish that injunctive relief is appropriate by showing: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

## Analysis

Initially, the Court finds that the TRO motion is procedurally insufficient. The Court may only issue a TRO if the movant gives security in an amount that the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. *See* Fed. R. Civ. P. 65(c); Local R. M.D. Fla. 4.05(3) (explaining that a motion seeking a TRO must contain, among other things, "facts on which the Court can make a reasoned determination as to the amount of security which must be posted"); *Williamson v. Bank of America, N.A.*, No. 1:12-cv-01829-JEC-RGV,

2012 WL 12883933, at *2 (N.D. Ga. May 29, 2012). Here, It Works argues that no bond or a nominal bond should be required because it has demonstrated a high likelihood of success on the merits. Upon review, the Court finds that although a security may be waived in some circumstances, Plaintiff has failed to put forth sufficient facts or legal arguments showing that it should be entitled to a waiver of the security requirement.

Moreover, without undertaking substantial and unnecessary analysis, the Court finds that It Works has failed to establish entitlement to a TRO. Although it appears that It Works gave notice to Defendant Melaleuca, Inc., it believes it should not be required to give notice to the Non-Solicitation Defendants because they "have shown a proclivity to conceal information material to the allegations in this Motion and there is an imminent threat information could be deleted or destroyed if notice were to be provided." However, the Court finds that It Works does not assert *specific facts* that clearly how it will suffer immediate and irreparable injury, loss, or damage before the Non-Solicitation Defendants can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A)-(B). It is not clear how injury is so imminent that notice and a hearing on an application for preliminary injunction is impractical if not impossible. In light of these deficiencies, the Court is not able to address It Works' allegations without input from the Non-Solicitation Defendants and is unwilling to permit use of such an extreme remedy.

Because It Works has failed to meet the high burden for the issuance of a TRO, its motion must be denied. This ruling does not preclude It Works from seeking a preliminary injunction and requesting an expedited schedule to address such motion.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Motion for Temporary Restraining Order and Supporting Memorandum of Law" (Doc. 20) is **DENIED**.

2. Plaintiff is **DIRECTED** to immediately serve on Defendants: (1) a copy of the complaint and its exhibits; (2) a copy of the TRO motion and its exhibits; and (3) a copy of this Order. Plaintiff is further **DIRECTED** to file proof of service on or before August 12, 2020.

3. The Court sets a Rule 16 status conference before the undersigned on Friday, August 14, 2020, at 1:30 PM in Courtroom 14A of the Tampa Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602.

**DONE** and **ENTERED** in Chambers, in Tampa, Florida, this 4th day of August, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**