UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IT WORKS MARKETING, INC.,

    Plaintiff,

v.                                                        Case No. 8:20-cv-1743-T-KKM-TGW

MELALEUCA, INC. et al.,

    Defendants.
_____/

## ORDER

Defendants Kimberly McCauley, Katie Herold, Amber Hoerner, Kellie Kaufman, Jeanie McWhorter, Ashley Olive, Brandon Olive, Lea Piccoli, Sarah Rankin, Joshua Rankin, Makenzie Schultz, Steven Shultz, Geneveve Sykes, Sean Sykes, and Amanda Gulley (the Distributer Defendants) object to the Magistrate Judge's order denying as moot the Distributor Defendants' motion to compel arbitration. (Docs. 145, 157). Plaintiff It Works Marketing asks the Court to overrule the Distributor Defendants' objection. (Doc. 163).

The Court will sustain the Distributer Defendants' objection because It Works and the Distributor Defendants clearly and unmistakably incorporated the American Arbitration Association (AAA) rules into their arbitration agreement, which themselves assign the issue of arbitrability to the arbitrator. Because of that incorporation, the issue of whether It Works' claims for injunctive relief against the Distributor Defendants are

arbitrable is a matter for the arbitrator to decide. As a result, the Court will grant the Distributor Defendants' renewed motion to compel arbitration (Doc. 119) and stay the case pending arbitration.

## Background

It Works is a multi-level-marketing sales company that sells health and beauty products. (Doc. 107, ¶1). The company uses individual distributors to promote and sell its products. (*Id.* ¶1, 30). To become a distributor for It Works, an individual must agree to It Works' Distributor Agreement, which includes Terms and Conditions. (*Id.* ¶30). That agreement requires distributors to not sell "any competing non-It Works! programs, products or services." (*Id.* ¶36; Doc. 107-2, p. 17). The noncompete provision lasts for as long as a distributor sells It Works products and for six months after the Distributor Agreement is cancelled. (Doc. 107-2, p. 17).

Distributors also agree to not disclose confidential and proprietary information or trade secrets to third parties, (Doc. 107, ¶37; Doc. 107-2, p. 18), including It Works' Downline Activity Reports, (Doc. 107, ¶37; Doc. 107-2, p. 18). A Downline Activity Report is information about sales activity, revenue, and income generated from either distributors personally sponsored by an individual distributor or from other distributors who are part of an individual distributor's downline organization. (Doc. 107, ¶42). It Works' confidential, proprietary, and trade secret information can be found on its eSuite website. (*Id.*). This website lists information about It Works' "proposed products and

2

services; financial affairs; actual and potential customers and customer information; downline distributors; organizational matters; business and marketing strategies; business operations, methodologies, and practices; sourcing terms and companies utilized; and hardware, operating systems, and infrastructure." (*Id.*).

Dispositive for purposes of the objection to the Magistrate Judge's order, the Distributor Agreement includes an arbitration provision. (Doc. 107-2, p. 2). That provision states that if a dispute exists between a distributor and It Works "arising from or relating to the [a]greement," the parties agree to resolve the dispute through mediation. (*Id.*). If mediation fails, "the dispute and [sic] shall be settled totally and finally by confidential arbitration as more fully described in the Policies & Procedures." (*Id.*). Despite the seemingly exclusive route of arbitration provided in the previous provision, the Distributor Agreement carves out claims for certain kinds of equitable relief in court:

> Notwithstanding the foregoing, either Party may bring an action before the courts seeking a restraining order, temporary or permanent injunction, or other equitable relief to protect its intellectual property rights, including but not limited to customer and/or Distributor lists as well as other trade secrets, trademarks, trade names, patents, and copyrights.

(*Id.*).

The Policies and Procedures section of the Distributor Agreement includes a section entitled "Arbitration." (Doc. 107-2, p. 24). That section repeats how arbitration will be the primary means of resolving disputes: "Except as otherwise provided in the

3

Agreement, any controversy or claim arising out of or relating to the Agreement, or the breach thereof, shall be settled through confidential arbitration." (*Id.*). Per its terms, arbitration will be conducted under the AAA's rules. (*Id.*). And the "Arbitration" section specifies that the Federal Arbitration Act (FAA) will "govern all matters relating to arbitration." (*Id.*).

The individual defendants are former distributors for It Works (hence, Distributor Defendants). (Doc. 107, ¶¶6–19). At various times, each Distributor Defendant stopped selling It Works products and began selling products for Melaleuca, Inc.—an It Works competitor (*Id.* ¶¶1, 111–12).

It Works alleges that the Distributor Defendants breached their Distributor Agreements by using It Works' confidential information and trade secrets to sell Melaleuca products. (*Id.* ¶111). It Works also alleges that each Distributor Defendant breached their Distributor Agreement by soliciting It Works' distributors and customers for Melaleuca while the agreement's noncompete provision remained in effect. (*Id.* ¶112). As a result, It Works brings three claims for injunctive relief against the Distributor Defendants: one under the Distributor Agreement (*Id.* ¶¶108–24); one under the Defend Trade Secrets Act (*Id.* ¶¶150–64); and one under the Florida Uniform Trade Secrets Act (*Id.* ¶¶165–79).

It Works filed an amended complaint, and the Distributor Defendants moved to "compel mediation and arbitration." (Doc. 119). The Distributor Defendants argued

that the Distributor Agreement's arbitration provision required the arbitrator to determine whether It Works' claims for injunctive relief are arbitrable. *See id.* It Works opposed the Distributor Defendants' motion and, for support, pointed to the language in the arbitration provision exempting claims for injunctive relief from arbitration. *See* (Doc. 130).

After It Works, the Distributor Defendants, and Melaleuca participated in court-ordered mediation, the Magistrate Judge denied as moot the Distributor Defendants' motion to "compel mediation and arbitration." (Doc. 145).

The Distributor Defendants object to the Magistrate Judge's order. (Doc. 157). The Distributor Defendants point out that their original motion asked the Court to compel arbitration—not just mediation, but that the order fails to address this distinction. (*Id.* at 5). Because It Works continues to pursue its claims for injunctive relief against the Distributor Defendants, they conclude that their motion to compel arbitration is not moot. (*Id.*). The Distributor Defendants ask the Court to vacate the Magistrate Judge's order and consider the issue de novo. (*Id.*).

It Works argues that the Magistrate Judge addressed the Distributor Defendants' argument to compel arbitration and correctly denied the request for mediation as moot. (Doc. 163, p. 3). Because he properly considered the motion to compel arbitration, It Works concludes that the Court should overrule the Distributor Defendants' objections, especially given the language in the arbitration provision exempting claims

5

for injunctive relief from arbitration. (*Id.* at 6).

## Analysis

### Standard of Review

The parties dispute which standard of review governs the Magistrate Judge's order. The Distributor Defendants argue that, consistent with 28 U.S.C. § 636, the Court should review the order de novo because the motion to compel arbitration might dispose of It Works' claims for injunctive relief. (Doc. 157, p. 4). In contrast, It Works argues that motions to compel arbitration are not dispositive; thus, under Federal Rule of Civil Procedure 72(a), the Court should only set aside the order if it is clearly erroneous or contrary to law. (Doc. 163, pp. 4–6).

The Court need not decide whether a motion to compel arbitration is dispositive because, even employing the contrary-to-law standard, the Court determines that the Distributor Defendants' objections should be sustained. A magistrate judge's order is contrary to law under Rule 72(a) if the order fails to apply relevant caselaw. *SEC v. Kramer*, 778 F. Supp. 2d 1320, 1327 (M.D. Fla. 2011) (Merryday, J.); *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1346–47 (M.D. Fla. 2013) (Howard, J.). As discussed below, the order failed to apply relevant caselaw about issues of arbitrability under the FAA as to the Distributor Agreement. So—whether under de novo review or Rule 72(a) contrary-to-law review—the order must be set aside.

### Arbitrability of Injunctive-Relief Claims are for Arbitrator to Decide

The FAA reflects a liberal federal policy favoring arbitration. *JPay, Inc. v. Kobel*, 904 F.3d 923, 929 (11th Cir. 2018). If parties agree to arbitrate a dispute, the court must enforce that agreement. *Id.* Although courts may not require a party to arbitrate a dispute he or she did not agree to arbitrate, any doubts about the scope of an arbitration provision should be resolved in favor of arbitration. *Id.*

Parties may delegate threshold arbitrability questions to an arbitrator if the parties' agreement does so by clear and unmistakable evidence. *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 530 (2019). "When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract." *Id.* at 529.

In the Eleventh Circuit, incorporating the AAA's rules into a contract is "alone" clear and unmistakable evidence that the parties agreed that an arbitrator should decide whether the arbitration provision applies to a dispute. *Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332 (11th Cir. 2005); *U.S. Nutraceuticals, LLC v. Cyanotech Corp.*, 769 F.3d 1308, 1311 (11th Cir. 2014); *Spirit Airlines, Inc. v. Maizes*, 899 F.3d 1230, 1233–34 (11th Cir. 2018); *JPay*, 904 F.3d at 936.

Accordingly, It Works and the Distributor Defendants clearly and unmistakably delegated to the arbitrator the question about whether claims for injunctive relief are arbitrable. The arbitration provision states that arbitration will be conducted under the AAA's Commercial Arbitration Rules and Mediation Procedures and that they are

7

available at the AAA's website and will be emailed to distributors upon their request. (Doc. 107-2, p. 24). Under AAA Rule 7(a), "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." The arbitration provision's incorporation of the AAA's rules, including Rule 7(a) that assigns issues of threshold arbitrability to the arbitrator, is clear and unmistakable evidence that the parties agreed to arbitrate arbitrability. *See also JPay*, 904 F.3d at 936 (finding that three references to the AAA in an arbitration provision constituted clear and unmistakable evidence that the parties delegated questions of arbitrability to an arbitrator).

At oral argument, It Works argued that the Distributor Agreement shows that neither It Works nor the Defendant Distributors intended to arbitrate the arbitrability of injunctive-relief claims. For support, It Works cites language from Section 8.4 of the Distributor Agreement that states that "nothing" in the agreement prevents a party from seeking equitable relief in court. (Doc. 107-2, p. 25).[1] It Works argues that

---

[1] In fact, the Distributor Agreement includes three references to the carve-out for injunctive relief. (*See id.* at 2) ("Notwithstanding the foregoing, either Party may bring an action before the courts seeking . . . equitable relief"); (*Id.* at 24) ("Except as otherwise provided in the Agreement, any controversy or claim arising out of or relating to the Agreement . . . shall be settled through confidential arbitration"); (*Id.* at 25) ("Notwithstanding the foregoing, nothing in the Agreement shall prevent either party from applying to and obtaining from any court . . . equitable relief").

8

"nothing" means nothing: Any reference to the AAA and its rules cannot overcome the carve-out for injunctive relief.

To be sure, the carve-out language in the Distributor Agreement creates a strong case that the parties intended courts to *adjudicate* claims for injunctive relief brought to protect intellectual property rights. *See* Distributor Agreement ¶ 14. But whether a claim *constitutes* one for injunctive relief related to intellectual property rights is clearly and unmistakably delegated to the arbitrator per the incorporation of the AAA Rules.

The Eleventh Circuit has been clear: Incorporating the AAA's rules is clear and unmistakable evidence that parties intended to delegate the issue of arbitrability of injunctive-relief claims to the arbitrator. *Terminix Int'l*, 432 F.3d at 1332; *U.S. Nutraceuticals*, 769 F.3d at 1311; *Spirit Airlines*, 899 F.3d at 1233–34; *JPay*, 904 F.3d at 936. The carve-out language in the Distributor Agreement does not alter the delegation of the threshold arbitrability question as contemplated by AAA Rule 7(a), which states that the arbitrator will have the power to rule on his or her jurisdiction. As a result, the Distributor Agreement's carve-out does not apply to questions of arbitrability. *See WasteCare Corp. v. Harmony Enter.*, 822 F. App'x 892, 896 (11th Cir. 2020).

What is more, the Distributor Agreement's Arbitration section lists many rules, besides the AAA's rules, that will apply to arbitration. (Doc. 107-2, p. 24). For example, the parties agreed that the Federal Rules of Evidence will apply in arbitration; that parties are entitled to discovery rights consistent with the Federal Rules of Civil

9

Procedure; and that arbitration must be brought individually and not as part of a class or consolidated action. (*Id.*). If the parties intended not to arbitrate the threshold question of whether a claim for injunctive relief is arbitrable as is the standard under the AAA rules, then the parties should have included that exception in this list. That omission is further evidence that the parties had no intention of straying from the AAA's rules.[2]

In the end, the arbitrator will decide whether It Works' claims for injunctive relief must be arbitrated or return to court. If those claims need not be arbitrated, then It Works' claims for injunctive relief against the Distributor Defendants may continue.

## Conclusion

The Distributor Agreement's incorporation of the AAA's rules is clear and unmistakable evidence that It Works and the Distributor Defendants agreed to arbitrate the question of whether It Works' claims for injunctive relief are arbitrable. As a result, the following is **ORDERED**:

1. The Distributor Defendants' objection to the Magistrate Judge's order (Doc. 157) is **SUSTAINED**.

2. The Court reverses the Magistrate Judge's order (Doc. 145).

---

[2] At oral argument, It Works cited *American Express Financial Advisors, Inc. v. Makarewicz*, 122 F.3d 936 (11th Cir. 1997), as support that the carve-out allows It Works to proceed with equitable relief at the in court now. But the arbitration agreement in *Makarewicz* did not incorporate the AAA's rules. That distinction renders it unpersuasive in the light of Eleventh Circuit precedent.

3. The Distributor Defendants' Joint Renewed Motion to Compel Mediation and Arbitration (Doc. 119) is **GRANTED**.

4. It Works' claims against the Distributor Defendants are referred to arbitration.

5. It Works and the Distributor Defendants are **DIRECTED** to file a joint report on the status of arbitration proceedings by **July 31, 2021**, and every thirty days afterward. The parties must immediately notify the Court after the arbitrator decides the threshold issue of arbitrability.

6. The Distributor Defendants' motion to dismiss (Doc. 120) is **DENIED as moot**.

7. It Works' motion for preliminary injunction against the Distributor Defendants (Doc. 150) is **DENIED as moot**.

8. This case is **STAYED** as it relates to It Works' claims against the Distributor Defendants.

**ORDERED** in Tampa, Florida, on April 27, 2021.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge